(25 Misc. Rep. 423.)

LASSERE v. STEIN.

(City Court of New York, General Term. December 7, 1898.)

SUPPLEMENTAL PROCEEDINGS—CONTEMPT—ABUSE OF DISCRETION.

Where, after default and before entry of judgment, the debtor reduced a claim of $332 to $85, and pending supplemental proceedings, which were adjourned from time to time, paid $10 more, the court's refusal to punish her for contempt, in not appearing at an adjourned hearing, she afterwards appearing on citation and making oral excuses, and her examination being completed, was not an abuse of discretion; and this, though the record did not show the reasons given for her nonappearance.

Appeal from special term.

Action by Jules Lassere against Bertha Stein. There was a judgment for plaintiff, and from an order denying a motion to punish defendant for contempt, in failing to appear for examination on proceedings supplemental to execution, plaintiff appeals. Affirmed.

Argued before OLCOTT and SCHUCHMAN, JJ.

Ira Leo Bamberger and Joseph J. Corn, for appellant.
David Solomon, for respondent.

OLCOTT, J. On the 24th day of June, 1898, a judgment was obtained in this action by the plaintiff against the defendant by default for the sum of $332. Thereafter the defendant at various times, and before the entry of judgment, paid a total of $247 on

account of said judgment, leaving a balance of $85 remaining unpaid thereon. The defendant failing to pay the balance, the plaintiff entered a judgment for the full amount of $332, and issued an execution to the sheriff, directing him to satisfy the judgment to the extent of the $85 then actually due thereon. Thereafter an order for the examination of the defendant in proceedings supplementary to execution was obtained by the plaintiff on the 25th day of August, 1898, returnable August 30, 1898. Defendant duly appeared on said return day, and was duly sworn and examined. The examination was then adjourned to September 6, 1898, when defendant appeared, but the examination was further adjourned to September 9, 1898. On the 9th day of September defendant again appeared, and paid plaintiff's attorney the sum of $10 on account of the judgment, making a total paid of $257, and leaving a balance yet due of $75, whereupon a further adjournment of the examination was had to September 16, 1898, at 10 a. m. At this last-mentioned adjourned time the judgment debtor's default was noted upon her nonappearance. Thereupon the usual order to show cause why the judgment debtor should not be punished for contempt was obtained on September 21st, served on the next day, and made returnable September 23d; on which last-mentioned date the judgment debtor appeared with counsel, made oral excuses, but filed no opposing papers. Her examination was completed by direction of the court, and thereupon the motion for her punishment was denied. This appeal is taken by the judgment creditor from the order denying the said motion.

The record is not in a satisfactory condition, in that it does not set forth, by affidavits which the judgment debtor should have caused to be filed, the reason for her failure to appear on the adjourned date for the examination. But we think there is enough in the record to convince us that the learned justice below properly concluded that there was no contempt or willful disobedience on the part of the judgment debtor, and that upon the debtor's prompt personal appearance in court in answer to the order to show cause, upon which occasion she submitted herself for further examination, the justice committed no abuse of his discretion in refusing to find and punish a contempt.

The order appealed from must be affirmed, with $10 costs and disbursements.

SCHUCHMAN, J., concurs.